In the Matter of the ATTORNEY–GENERAL, *v.* THE
EMPIRE MUTUAL LIFE INSURANCE COMPANY.

*Insurance Company — reinsurance of its risks — policyholders are not obliged to
accept the reinsurance — they are not bound to pay premiums in the future.*

June 7, 1872, the Empire Mutual Life Insurance Company made an arrangement
with the Continental Life Insurance Company by which the latter was to rein-
sure all the policies of the Empire company, and the latter was to go out of
business. This arrangement was carried into effect and the Empire company
transferred its property to the Continental and went out of business; the Con-
tinental reinsuring all of the policyholders of the Empire who desired it so to
do. Certain of the policyholders did not accept the reinsurance offered.
Thereafter they paid no premiums either to the Empire or to the Continental
*Held*, that the act of the Empire company in thus going out of business and
transferring its property and business to the Continental excused its policy-
holders from paying future premiums to it.
That they were not bound to accept the reinsurance offered to them.
That they were entitled to recover from the Empire company or its receiver the
damages occasioned by its breach of contract.

Appeal from an order made at a Special Term, rejecting and
disallowing appellants' claims against the Receiver of the Empire
Mutual Life Insurance Company.

The Empire Mutual Life . Insurance Company was organized
under the laws of this State as a life insurance company on the
3d day of April, 1869, and immediately commenced the transaction
of business. On the 7th of June, 1872, by an agreement in writ-
ing, the Empire company reinsured its risks with the Continental
Life Insurance Company, and stipulated to withdraw from the
business of life insurance, and to do all things necessary and proper,
according to law, for the purpose of winding up its business. Most
of its policyholders surrendered their policies and accepted new
ones instead from the Continental. Some, however, did not, and
the Empire, therefore, notwithstanding the agreement, was obliged
to keep up an organization and a place for the transaction of such
business as it found necessary to do. Its office was removed to the
office of the Continental Life Insurance Company, whose employes
transacted the Empire's business.

Prior to June 7, 1872, the day of the making of the agreement

between the Empire and the Continental Insurance Companies for the reinsurance of the Empire's risks, appellants had insured with the Empire. They paid no premiums after June 7, 1872.

In December, 1878, proceedings were taken to wind up the affairs of the Empire company and to distribute the $100,000 fund on deposit with the superintendent of the insurance department. Subsequently, and on the 14th day of January, 1879, John P. O'Neill, who had been appointed receiver of the Continental Life Insurance Company, was appointed receiver of the Empire.

In February, 1881, Mr. O'Neill, receiver of the Empire, petitioned the court for the appointment of a referee to report upon the validity of these claims against the Empire. The referee reported to the court that the claims of appellants were valid and recommended their payment by the receiver. The matter was heard at a Special Term, and an order made rejecting appellants' claims.

*Raphael J. Moses, Jr.*, for John G. Simmons and sundry policyholders, appellants.

*William Barnes*, for Dr. Edward Young and divers policyholders.

*Leslie W. Russell*, attorney-general, for the respondent.

BY THE COURT:

The policies in question were in force in June 1872. At that time the defendant made the arrangement with the Continental Insurance Company, by which the latter was to reinsure all the defendant's policies and the defendant was to go out of business. This arrangement was carried into effect, and the defendant did go out of business; the Continental Insurance Company reinsured those of the defendant's policyholders who desired such reinsurance. After that time the present claimants made no payments of premiums on their policies and they did not accept the offered reinsurance.

We think that the act of the defendant in thus going out of business and transferring its property and its business to the Continental Life Insurance Company excused these claimants from

the obligation to pay future premiums. They were not bound to accept another company as their insurer. And they could not be bound to continue to pay premiums to a company which had ceased to do business. Practically the defendant had broken the contract, by putting itself in a condition in which it was disabled from carrying out the contract. Therefore the defendant was bound to compensate the claimants for the damages occasioned by this breach of contract. It is not claimed that the rights of these policyholders are barred by the statute of limitations. There is no reason therefore why they should not be paid out of the fund in question, as was reported by the referee.

We think, therefore, that the order of the Special Term should be reversed, and that the report of the referee should be confirmed, with ten dollars costs of appeal, and printing disbursements.

BOOKES J., dissenting.

Present — LEARNED, P. J., BOARDMAN and BOOKES, JJ.

Order of special term reversed, and report of referee confirmed.